## AMOS ROWLAND v. C. P. WRIGHT.

(Case No. 5549.)

1. CONTINUANCE.— An application for a third continuance, which fails to show. that the testimony expected from the absent witness cannot be obtained from any other source, is fatally defective. When such an application cannot be sustained even under the statute prescribing the requisites of an application for a second continuance, it must, in order to be granted, show strong equitable grounds outside of the statute.

2. SAME.— Attachment was asked for an absent witness, who had previously disobeyed a subpœna. It was not issued until the day following the application. The witness lived but eight miles from the court-house, and could have been attached and his attendance secured if the writ had issued on the day when it was applied for. *Held*, that the application for continuance was properly refused. It was the duty of the party desiring the attendance of the absent witness to see that the attachment was promptly issued instead of trusting to the diligence of the clerk.

APPEAL from Llano. Tried below before the Hon. John W. Townes.

Appellant, in his application for continuance, set up the facts that he expected to prove by the witness Kendrick.

The witness had been properly subpœnaed on 24th of August, 1884, not having disobeyed a subpœna before. When the case was called for trial on the 8th day of December, 1884, the witness not being present, an attachment was asked for by defendant, and ordered by the court to issue, but from some cause was not issued until the 9th of December. The witness was attached and brought into court, but just after the trial.

*W. W. Martin* and *Fisher & Fisher*, for appellant, that the continuance should have been granted, cited: Green *v.* Chandler, 25 Tex., 148; Pendarvis *v.* Gray, 41 Tex., 326; Chilson *v.* Reeves, 29 Tex., 275.

---

---

*W. T. Dalrymple*, for appellee, cited: Hipp *v*. Huchett, 4 Tex., 22; Townsend *v*. The State, 41 Tex., 134; Hyde *v*. State, 16 Tex., 452; Townsend *v*. State, 41 Tex., 134; 15 Tex., 47.

WILLIE, CHIEF JUSTICE.— The affidavit for continuance did not state that the testimony expected from the witness Kendrick could not be obtained from any other source. Hence it did not come up to the requirements of the statute in cases of affidavits for a second or any subsequent continuance. R. S., art. 1278.

As it could not be sustained under the statute, and was an application for a third continuance, it should have shown very strong equitable grounds for its allowance. This the application failed to do. The showing as to diligence was insufficient. When the attachment was ordered returnable *instanter* it was the duty of the defendant to see that it was issued immediately and placed in the hands of the sheriff for service. Instead of doing so, he trusted to the clerk to have it issued in due time, and he should bear the consequences of the clerk's neglect in failing to issue the process. The subsequent facts showed clearly that if the attachment had issued on the evening the order was made, the witness could have been had in time for the trial. He had previously disobeyed a subpœna, and hence the greater necessity for the attachment and of diligence in seeing it issued and executed. The court granted ample time to have the witness at the trial, and as he was not there through failure of the defendant to take proper advantage of the process granted by the court, he and not the plaintiff should suffer the consequences.

The court did not err in refusing the continuance, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 19, 1885.]